### JOHNSON et al. v. BAUER et al.

(Circuit Court, N. D. Illinois. November 16, 1896.)

TRADE-MARKS—INFRINGEMENT.

A trade-mark consisting of a red Greek cross is not infringed by a mark for similar goods, consisting of a Maltese cross having a red center and dark projections, the latter being placed upon packages which, by their peculiar lettering and ornamentation, are given a more distinct individuality than the packages to which the first mark is affixed.

Rowland Cox and Banning & Banning, for complainants.

Moran, Kraus & Mayer and Walter H. Chamberlain, for defendants.

GROSSCUP, District Judge (orally). The bill in this case is filed to restrain the infringement of a trade-mark. The complainants are the manufacturers and sellers of large quantities of medicinal plasters. They sell these plasters in boxes of a somewhat peculiar pattern, the colors of the boxes varying according to traditional notions of druggists respecting the character of plasters; and upon each of these boxes, both at the ends and on the sides, is stamped a red Greek cross. The defendants are the manufacturers and sellers also of medicinal plasters, and have adopted, among the other insignia of their trade-mark, a cross of the pattern of the Maltese cross, having a red center and dark projections. The sole question is whether the defendants' designs for a trade-mark are clearly and purposely within the boundaries that the complainants are entitled to reserve as exclusive to themselves. All these cases depend not so much upon general rules of law as upon the individual application of the law to the case in hand. I was impressed with the fact at the hearing, upon an exhibition of these trade-marks, both of the complainants and of the defendants, that the defendants' had a very much more striking individuality than the complainants'. I could not pick out,—and

there were a great many of the different boxes exhibited at the hearing,—I could not pick out the complainants' boxes except by the little red Greek cross. I could pick out, anywhere and everywhere, the defendants' boxes, by the peculiar lettering on the box, the nature of the background, and I suppose by a combination of features, the particulars of which could not perhaps be designated, but the unity of which mark its individuality; just as one picks out another's face, not because of the color of the eye, or the shape of the nose, or the contour of the face, but by the combined effects of all these and other features.

The conclusion that I have arrived at is that the defendants have individuality of design, and the complainants have not. The complainants' sole individuality, if they have any at all, rests on the red Greek cross. I do not think that is sufficient to give to them an exclusive right to use the Greek cross. I do not think that the defendants so nearly imitate their trade-mark, or come anything like so nearly imitating it, as to deceive the public who are looking for the complainants' goods. The bill will therefore be dismissed for want of equity.